**Tagged Opinion**



**ORDERED in the Southern District of Florida on July 14, 2012.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re:                                )   CASE NO.   12-23039-BKC-RAM
                                      )   CHAPTER    7
TRACEY A. WARD,                       )
                                      )
            Debtor.                   )
                                      )

**ORDER GRANTING RELIEF FROM STAY**

The Court conducted a hearing on July 12, 2012, on Hialeah Housing Authority's Motion for Relief from Stay (the "Stay Relief Motion") [DE# 13]. Hialeah Housing Authority ("HHA") seeks stay relief to proceed with the administrative termination of Debtor's participation in the Section 8 rent subsidy program administered by HHA, and stay relief to terminate monthly rent subsidiary payments if the Debtor is terminated from the Section 8 program.

The Court has considered the record, including the Stay Relief Motion, the Debtor's Response to [Stay Relief Motion] [DE# 19], and HHA's Reply Memorandum in Support of Motion for Relief

from Stay [DE# 21].  The Court has also considered the arguments of counsel presented at the hearing and reviewed applicable law.

For the reasons stated more fully on the record, which are incorporated here by reference, the Court finds cause to grant the Stay Relief Motion.  Although § 525(a) of the Bankruptcy Code precludes public housing authorities from evicting Chapter 7 debtors who are seeking to discharge prepetition rent obligations, *see e.g.*, *In re Battista,* 2005 Bankr. LEXIS 1732 (Bankr. S.D. Fla. 2005), public housing tenants or tenants, like the Debtor here, who are receiving rent subsidies, may be evicted, or have their section 8 rights terminated, based on other violations.  Here, the HHA terminated the Debtor for under-reporting her income.  Under these circumstances, where termination is not based on prepetition rent obligations that would be dischargeable in bankruptcy, § 525(a) offers no protection.  *See Smith v. St. Louis Housing Authority*, 259 B.R. 901 (8th Cir. BAP 2001).

Therefore, it is -

**ORDERED** as follows:

1.  The Stay Relief Motion is granted.

2.  The Notice of Decision of Hearing issued on June 1, 2012 administratively upholding HHA's termination is void because it was entered postpetition.

3.  HHA is granted relief to request that the administrative hearing officer's decision be reissued and, upon

2

entry of a decision upholding HHA's decision to terminate, HHA shall have further relief to discontinue rent subsidy payments to the Debtor's landlord.

4. Pursuant to Rule 4001(a)(3), Fed.R.Bank.P., this Order is not effective for 14 days.

###

COPIES TO:

J. Frost Walker, II, Esq.
Law Offices of Citrin & Walker
300 71st Street, Suite 300
Miami Beach, FL 33141

Rebecca P. Schram, Esq.
Joel L. Tabas, Trustee